CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 29 2019

JULIA C. DUDLEY, CLERK
BY: HMcDnQd
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DEMETRIUS AGEE TOWNES, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 4:12-cr-00033 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

This matter is before the court on Petitioner Demetrius Agee Townes's ("Petitioner") petitioner under 28 U.S.C. § 2255 [ECF No. 48], and the government's opposition [ECF No. 61]. I have reviewed the record and the arguments of the parties; oral argument will not aid in review of the issues raised by Petitioner. For the reasons stated herein, I will deny the petition.

**I.**

On December 6, 2012, Petitioner was charged in a three-count indictment with possession with intent to distribute crack cocaine (Count 1), being a felon in possession of a firearm (Count 2), and possession of a firearm in furtherance of a drug-trafficking crime (Count 3). [ECF No. 1.] On May 23, 2013, Petitioner pled guilty to Counts 1 and 3 and, on August 23, 2013, Petitioner was sentenced to 46 months in prison on Count 1 and 60 months in prison on Count 3, to be served consecutively. [ECF Nos. 26 & 32.]

On May 16, 2018, Petitioner filed the instant motion to vacate, arguing that the recent rulings of the Supreme Court that "language found in the 924c & ACCA residual clause[s] are unconstitutionally vague." [ECF No. 48.] The government responded, pointing out that the relevant cases concern convictions under 18 U.S.C. § 924(c) regarding possession of a firearm during a crime of violence, whereas Petitioner pled guilty to possession of a firearm in

furtherance of a drug-trafficking crime. Compare United States v. Simms, 914 F.3d 229, 236 (4th Cir. 2019) ("Section 924(c)(3)(B) is therefore unconstitutional."), with Indictment Count 3 [ECF No. 1] (charging Petitioner with possessing a firearm "in furtherance of a drug trafficking crime . . . [i]n violation of Title 18, United States Code, Section 924(c)(1)(A)."). After review of the record and argument of the parties, this matter is ripe for disposition.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Petitioner bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

Petitioner's claim must fail for the basic reason that his conviction for violating 18 U.S.C. § 924(c)(1)(A) is undisturbed by the upheaval in the law that followed on the heels of United States v. Johnson, 135 S. Ct. 2551 (2015). In Johnson, the United States Supreme Court held that the so-called residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) (defining a "violent felony" as one "that involves conduct that presents a serious potential risk of physical injury to another") was unconstitutionally vague; in Sessions v. Dimaya, the Court likewise held that a similarly worded statute, 18 U.S.C. § 16(b) (defining a "crime of violence" as "any offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"), was unconstitutionally vague, 138 S. Ct. 1204, 1211 (2018). In Simms, the Fourth Circuit held that 18 U.S.C. § 924(c)(3)(B)

(defining "crime of violence" as "a felony . . . that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") was unconstitutionally vague. 914 F.3d at 236. None of these cases, however, addressed the section of § 924 under which Petitioner was sentenced: possession of a firearm in furtherance of a drug-trafficking crime. As that provision of the U.S. Code remains unaltered and unchallenged, and as no court has called into question its constitutional validity, Petitioner is not entitled to the relief he seeks and his motion to vacate will be denied.

## IV.

As Petitioner has failed to show that he is entitled to relief, his motion to vacate will be denied. An appropriate order will be entered forthwith.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all other counsel of record.

**ENTERED** this 29th day of October, 2019.

Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE